By the Court.—Gildersleeve, J.
This action was brought to recover the sum of $2,249.00, with interest, being the balance alleged to be owing to plaintiff by defendants, under a contract that plaintiff made with defendants to erect a cottage in Mount Morris Park, for the sum of $5,650.00. The defence thereto set up by defendants, is that the plaintiff did not perform his work within three calendar months, as required by his contract, and did not complete the work until about May 20,1889; and that therefore the plaintiff was in default 103 days, for which time he was charged by defendants $20.00 per day as damages, making $2,-060.00, which the defendants seek to offset against the *341 claim made by plaintiff, and declare themselves ready and willing to pay the balance of $189.00.
The material parts of the contract, important for consideration here, are as follows :
(D) “ And the said party of the second part (the plaintiff) hereby further agrees that he will commence the aforesaid work on such day, and at such place or places, as the commissioners of the department of public parks may designate, and progress therewith, so as to complete the same, in accordance with this agreement, on or before the expiration of three calendar months, not including, however, such time as the prosecution of the whole work may be suspended by written order of the said commissioners of the department of public parks.
(E) In case the said party of the second part shall fail to fully and entirely, and in conformity with the provisions of this agreement, perform and complete the said work, and each and every part and appurtenance thereof, within the time hereinbefore limited for such performance and completion, or within such time as the same, in accordance with the provisions of this agreement, shall be increased or diminished, the said party of the second part shall and will pay to the said parties of the first part (defendants) twenty dollars for each and every day that he, the said party of the second part, shall be in default, which said sum of twenty dollars per day is hereby agreed upon, fixed and determined by the parties hereto as the damages which the parties of the first part will suffer by reason of such default, and not by way of penalty. And the said parties of the first part shall and may deduct the said sum of twenty dollars per day out of any moneys that may be due or become due to the said party of the second part under this agreement.”
A careful review of the testimony fails to disclose any evidence that the commissioners of public parks, or any one for them, ever designated the day on which plaintiff was to begin the work, or ever gave him notice *342 to commence the «work; hut, on the contrary, the plaintiff affirmatively testifies that no day was designated on which to commence the work.
Inasmuch as the defendants were in default, in neglecting to fix a day for the commencement of the work, they cannot complain of the default of the plaintiff in failing to complete the job in three calendar months from the beginning of the work. If the defendants seek to hold the plaintiff to the strict letter of the contract, they are debarred from objecting to the plaintiff’s holding them to an equally strict construction of the contract. No day having been fixed, the plaintiff’s time never began to run.
It is conceded that plaintiff fully performed all the work he was to do, and defendants’ only objection is that he did not complete the job within three months from the time of beginning. The plaintiff was delayed for a long period by the neglect of the Board of Health to give a necessary permit, through no fault of the plaintiff, and also by inclement weather, which rendered it almost impossible to continue the work. If we deduct the time lost through these two causes, we find that the plaintiff completed the work within the three months required by the contract.
There are no errors in the admission or exclusion of evidence of sufficient weight to warrant a reversal of the judgment; and the charge of the learned trial judge, taken as a whole, fairly and properly presented the case to the jury, with due regard for the rights of the defendants.
For the reasons above indicated, the judgment and order appealed from are affirmed, with costs.
Freedman, P. J., concurred.